<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VENTURES TRUST 2013 I-H-R BY MCM CAPITAL PARTNERS, LLC, ITS TRUSTEE,<br><br>       Plaintiff,<br>v.<br><br>MANUEL A. PINTO, MRS. MANUEL PINTO, AIDA C. PINTO, MR. AIDA PINTO,<br><br>       Defendants. | Civil Action No.<br><br>16-6232 (SDW) (LDW) |
| MANUEL A. PINTO and AIDA C. PINTO,<br><br>       Plaintiffs,<br>v.<br><br>VENTURES TRUST 2013-I-H-R BY MCM CAPITAL PARTNERS LLC, BOA OF AMERICA, N.A., BAC HOME LOAN SERVICING, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, AMERICAN FIDELITY MORTGAGE, COUNTRYWIDE HOME LOANS, INC., DOE INSURANCE COMPANY, and DOES 1-50,<br><br>       Defendants. | 16-7647 (SDW) (SCM)<br><br>**ORDER**<br><br>March 31, 2017 |

**WIGENTON**, District Judge.

      Before this Court is the Report and Recommendation ("R&R") entered on March 17, 2017 by Magistrate Judge Leda D. Wettre ("Judge Wettre"), recommending that: 1) civil actions 16-6232 and 16-7647 be deconsolidated; 2) Plaintiff Venture Trust 2013 I-H-R by MCM Capital

Partners, LLC, its Trustee's ("Ventures Trust") motion to remand civil action 16-6232 be granted; and 3) Plaintiff Venture Trust's motion to dismiss civil action 16-7647 pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted.  Manuel and Aida Pinto (the "Pintos") objected to the R&R on March 22, 2017.[1] (Dkt. No. 26.)

This Court has reviewed the reasons set forth by Judge Wettre in the R&R and the other documents in this matter. Based on the foregoing, and for good cause shown, it is hereby

**ORDERED** that the R&R of Judge Wettre (Dkt. No. 25) is **ADOPTED** as the conclusions of law of this Court.

**SO ORDERED**.

s/ Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
cc:    Parties
       Magistrate Judge Wettre

---

[1] The Pintos object to the R&R on the grounds that they did not consent to the referral of these motions to Judge Wettre and argue that, pursuant to Federal Rule of Civil Procedure 73, their consent is required.  The Pintos misunderstand Rule 73, which requires the parties' consent before a magistrate judge is permitted to "conduct a civil action or proceeding, including a jury or nonjury trial."  FED. R. CIV. P. 73.  These motions were properly referred to Judge Wettre pursuant to Federal Rule of Civil Procedure 72, which allows magistrate judges to decide dispositive motions "when assigned, without the parties' consent."  FED. R. CIV. P. 72.